United States District Court
Southern District of Texas
**ENTERED**
March 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS GALVAN, | § | |
| TDCJ # 00766363, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-1959 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Carlos Galvan, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner proceeds *pro se* and has paid the filing fee. The respondent filed a motion to dismiss the petition as time barred (Dkt. 12) and a copy of the state court records (Dkt. 13). Galvan has responded (Dkt. 14) and the motion is ripe for decision. Having reviewed the petition, the motions and briefing, the applicable law, and all matters of record, the Court will **grant** the motion to dismiss for the reasons explained below. Galvan's motion for an extension of time to pay the filing fee (Dkt. 11) will be **denied as unnecessary** because he paid the fee on September 15, 2022.

## I.   BACKGROUND

On October 2, 1996, based on a guilty plea, Galvan was convicted of attempted

capital murder, enhanced, in the 184th District Court of Harris County, Case No. 717886, and sentenced to 70 years in TDCJ (Dkt. 13-1, at 46-47). On direct appeal, his attorney filed an *Anders* brief stating that she could not find any error that she could urge in good faith as warranting reversal of the judgment (Dkt. 13-4; *see Anders v. California*, 386 U.S. 738 (1957)). On October 21, 1997, the Sixth Court of Appeals affirmed the judgment (Case No. 06-96-0091-CR) (Dkt. 13-6 (opinion); Dkt. 13-7, at 50-51 (mandate); *id.*, at 56 (judgment)).  Galvan did not file a petition for discretionary review with the Court of Criminal Appeals. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Mar. 13, 2023).

On July 22, 2003, Galvan executed an application for state habeas relief, WR-57,284-01, claiming that his guilty plea was involuntary and his trial counsel was constitutionally ineffective because counsel and the trial court had advised him that, if he pleaded guilty, he would be eligible for probation or deferred adjudication (Dkt. 13-7, at 7-15).  The trial court entered findings of fact and conclusions of law recommending that habeas relief be denied (*id.* at 33-34 (determining that, in habeas proceedings, "there is a presumption of regularity concerning guilty pleas which [Galvan] fails to overcome")).  On December 3, 2003, the Court of Criminal Appeals denied relief without written order on the findings of the trial court and without a hearing (*id.* at 2).

On November 26, 2018, Galvan executed a second application for state habeas relief, WR-57,284-02, claiming that he was "wrongfully re-indicted" and "illegally

convicted" (Dkt. 13-9, at 5-22).   On March 13, 2019, the Court of Criminal Appeals dismissed the application as subsequent (Dkt. 13-8).

On November 29, 2021, Galvan executed a third state habeas application, WR-57,284-03, claiming that his sentence is "illegal . . .  due to wrongful enhancement" (Dkt. 13-12, at 5-23).  On May 11, 2022, the Court of Criminal Appeals dismissed the application as subsequent (Dkt. 13-11).

Galvan filed a petition for federal habeas relief on June 15, 2022 (Dkt. 1).  He then filed an amended petition (Dkt. 5) and a memorandum (Dkt. 6).  In his sole claim for relief, he argues that his sentence is illegal "due to wrongful enhancement" (Dkt. 5, at 6). He explains the facts supporting his claim as follows:

> The trial court and the State Prosecutor committed an unlawful act on trial. This was not [detected] before, because the material needed was not available at that time when the first writ was filed.  They enhanced my conviction by using a prior probated sentence.  It was a felony of a third degree probated to sustain a First degree [attempted capital murder] conviction.

(*Id*.). He also alleges that he was tricked into pleading guilty:

> I was tricked to sign an agreement that I didn't understand at that point.  I was not familiar with the State Laws nor[] did I kn[o]w anything about the Rules and Procedures of Trial Court.  I signed under the impression that I was getting a 10 Year sentence.

(*Id*. at 3). He presents exhibits in support of his petition, including several indictments; a partial transcript reflecting the trial court's finding that the enhancement was true; a written admonishment, apparently initialed by Galvan, stating that the punishment range for his

offense as enhanced was 15 years to 99 years or life; and a record from the Harris County District Clerk reflecting that Galvan was sentenced to seven years of probation on March 1, 1993, that his probation was revoked, and that he was sentenced to two years in TDCJ on January 21, 1994 (Dkt. 5-1). Galvan argues that his sentence is illegal because it was enhanced with a misdemeanor rather than a felony (Dkt. 14, at 2); that the improper enhancement of his sentence raised the minimum sentence from five to 15 years, thus rendering his sentence illegal (*id*. at 4); and that his 70-year sentence "was over the minimum range" due to "an error of the trial judge's own creation" (*id*.).

The respondent seeks dismissal of Galvan's petition under the statute of limitations.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

Galvan seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In Galvan's case, the appellate court affirmed his conviction on October 21, 1997. Because Galvan did not file a petition for discretionary review, his conviction was final on Thursday, November 21, 1997, when the time for filing the petition expired. *See* TEX. R. APP. P. 68.2; *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that, "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). His limitations period under § 2244(d)(1)(A) thus expired one year later, on Monday, November 23, 1998. *See* FED. R. CIV. P. 6(a)(1)(C). His federal petition, filed on June 15, 2022, is over 23 years late and time-barred unless a statutory or equitable exception applies.

Galvan's state habeas petitions do not toll the limitations period under the statutory tolling provision of 28 U.S.C. § 2244(d)(2) because, at the time Galvan filed them in 2003, 2018, and 2021, the AEDPA limitations period had already expired. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Additionally, because Galvan does not identify a state-created impediment to filing for habeas relief or a constitutional right newly

recognized and made retroactive by the Supreme Court, he does not show that a later accrual date is warranted under § 2244(d)(1)(B) or 2244(d)(1)(C).

To the extent Galvan claims that he is entitled to a later accrual date based on a recently discovered factual predicate for his claims, § 2244(d)(1)(D), his showing is insufficient. Galvan claims that materials needed for his claim were not available at the time of his first writ (Dkt. 5, at 6), that he "did not have this opening avenue of information" to bring the claim before (*id*. at 15), and that he recently found out the truth because of assistance from his unit's law library (Dkt. 6, at 4). These allegations do not suffice to show a new factual predicate because, although Galvan claims that he recently became aware of a basis for his claim, he does not identify recently discovered *facts* that, with the exercise of due diligence, he could not have discovered in a timely fashion. *See* 28 U.S.C. § 2244(d)(1)(D); *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (AEDPA's limitations period runs from "the date a petitioner is on notice of the facts which would support a claim") (cleaned up); *Manning v. Epps*, 688 F.3d 177, 190 (5th Cir. 2012) (rejecting theory that "a petitioner's statute of limitations does not begin to run on any of his claims until he has discovered every conceivable claim for federal habeas corpus relief"). The facts regarding Galvan's sentence, enhancement, and plea agreement were available to him at the time of his sentencing. Therefore, he does not demonstrate a new factual predicate under § 2244(d)(1)(D), and no statutory exception renders his petition timely.

In rare cases, the statute of limitations can be equitably tolled.  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available in rare and exceptional circumstances.  *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010).  In this case, for the reasons stated above, Galvan has not demonstrated due diligence or that an extraordinary circumstance prevented him from timely filing his claim.  In addition, he has not demonstrated the existence of a claim for which "strict application of the statute of limitations would be inequitable."  *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Because Galvan's petition is time-barred and he presents no meritorious argument to extend the limitations period in his case, the respondent's motion to dismiss will be granted.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.   Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion to dismiss (Dkt. 12) is **GRANTED**.

2.      The petition for habeas corpus under 28 U.S.C. § 2254 filed by Carlos Galvan
is **DISMISSED** with prejudice as time-barred.

3.      The petitioner's motion for an extension of time to pay the filing fee (Dkt.
11) is **DENIED as unnecessary**.

4.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ March 27 _____, 2023.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE